IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:18cv177-SA-DAS |
| v. | ) ) | C O M P L A I N T |
| FIRST METROPOLITAN FINANCIAL SERVICES, INC., | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

**NATURE OF THE ACTION**

This is an action under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, to collect back wages due to Emily Smith ("Smith") and a class of aggrieved women as a result of such unlawful payments, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Smith and the class. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission alleges Defendant First Metropolitan Financial Services, Inc. ("Defendant Employer") paid Smith and a class of aggrieved women significantly less money than males for performing substantially equal work in the exact same position.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c), 217 to

enforce the requirements of the Equal Pay Act of 1963, codified at Section 6(d) of the FLSA, 29 U.S.C. Section § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Aberdeen Division.

## **PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c), 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, First Metropolitan Financial Services, Inc. ("Defendant Employer"), has continuously been a foreign corporation doing business in the State of Mississippi, in the cities of Tupelo, Fulton, Armory, Starkville and Corinth, and in the State of Tennessee, in the cities of Bolivar and Memphis. Defendant Employer has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

6.     At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.     At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and has continuously been an enterprise engaged in commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r), (s), because Defendant Employer's enterprise has continuously been engaged in the operation of a consumer loan and finance company.

## ADMINISTRATIVE PROCEDURES

8.     More than thirty days prior to the institution of this lawsuit, Smith filed a charge with the Commission alleging violations of the EPA and Title VII by Defendant Employer.

9.     On August 3, 2018, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the EPA and Title VII were violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and to provide appropriate relief.

10.    On August 27, 2018, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant Employer that the Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF TITLE VII CLAIMS

12.    Since around at least September 2016, Defendant Employer has engaged in unlawful employment practices at its branch locations in Mississippi and Tennessee in violation

of Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

13. The unlawful employment practices include subjecting Smith and a class of aggrieved women with disparate treatment with respect to the terms and conditions of employment based on sex (female).

   a. Defendant Employer operates a consumer loan and finance company with branch offices of its business in Tupelo, Fulton, Grenada, Armory, Starkville, Corinth, Houston, and Batesville Mississippi as well as Bolivar and Memphis, Tennessee, where it employs individuals in numerous positions, including branch manager. Branch managers are tasked with supervising branch personnel and retaining loan accounts, which involves investigating and resolving customer complaints, as well as, collecting past due accounts by filing judgments and garnishments.

   b. On or about July 2010, Smith applied for a branch manager position with Defendant Employer.

   c. Defendant Employer hired Smith as a branch manager at its Tupelo, Mississippi branch with a base salary of $36,000.

   d. Smith performed well in the position.

   e. Unbeknownst to Smith, Defendant Employer hired Danny Pike (Pike), male, in 2006 as a branch manager at its Memphis, Tennessee branch, a branch of similar size to Tupelo, with a base salary of $40,100.

   f. Unbeknownst to Smith, Defendant Employer hired Harvey Frazier (Frazier), male, in 2014 as branch manager in Defendant Employer's Grenada,

Mississippi branch, a branch of similar size to Tupelo at a base salary of $40,000.

g. As a branch manager of the Tupelo branch, Smith performed substantially similar work as Pike and Frazier.

h. In December 2014, Smith transferred to Defendant Employer's Fulton, Mississippi branch and was given a base pay increase to $39,000. Defendant Employer's Fulton, Mississippi has more employees than the Tupelo branch.

i. Unbeknownst to Smith, in 2008, Defendant Employer hired Lynn Pearson, male, as branch manager at Defendant Employer's Batesville, Mississippi branch, a branch of similar size to Fulton, at a base salary of $48,000.

j. As a branch manager of the Fulton branch, Smith performed substantially similar work as Pearson.

k. In December 2016, Defendant Employer hired Corey Caygle (Caygle), male, as branch manager at its Tupelo, Mississippi branch with a base salary of $48,000.

l. In December 2016, Smith learned Defendant Employer offered to pay Caygle a greater base salary for the same position in the same branch location where Smith had previously worked. Smith learned of the pay difference when Caygle inadvertently faxed his new hire paperwork to the Fulton branch office, where Smith worked as the branch manager.

m. As branch manager of the Tupelo and Fulton branches, Smith performed substantially similar work as Caygle.

n. On February 20, 2017, Smith complained to Defendant Employer's supervisory branch manager that Defendant Employer paid Caygle a higher base salary as the branch manager of the Tupelo office than Defendant Employer paid Smith for that position and more than Defendant Employer paid Smith as the branch manager of the Fulton office. The supervisory branch manager did not address Smith's complaint of pay disparity.

o. On February 21, 2017, Smith called "Rex" Anderson, Defendant Employer's Director, and complained Caygle was receiving a higher salary than Smith. Anderson refused to discuss employee salaries with Smith and instead provided her with suggestions on how to increase her variable compensation.

p. On February 24, 2017, Smith resigned her employment as branch manager.

q. At all times since her hire, Defendant Employer paid Smith a lower base salary than male employees for substantially equal work.

r. At no time prior to Smith's resignation did Defendant Employer adjust Smith's base salary to address the pay disparity between her salary and that of male branch managers.

s. In February 2013, Defendant Employer hired Becky Cruze (Cruze) as a branch manager at its Armory, Mississippi branch with a base salary of $30,000.

t. In September 2013, Defendant Employer hired Cassandra Brownlee (Brownlee) as a branch manager at its Starkville, Mississippi branch with a base salary of $30,400.

    u. In May 2016, Defendant Employer hired Stephanie Rowell (Rowell) as a branch manager at its Corinth, Mississippi branch with a base salary of $32,400.

    v. In June 2016, Defendant Employer hired Brandi King (King) as a branch manager at its Boliver, Tennessee branch with a base salary of $30,000.

    w. In February 2016, Defendant Employer hired Kayla Pratt (Pratt) as a branch manager at its Houston, Mississippi branch with a base salary of $30, 912.

    x. In June 2016, Defendant Employer hired Erica Hutcherson (Hutcherson) as a branch manager at its Tupelo, Mississippi branch with a base salary of $36,000.

    y. Defendant Employer paid Cruze, Brownlee, Rowell, King, Pratt, Hutcherson, and other similarly situated aggrieved women less in base salary than Pike, Frazier, and Caygle, male employees, for performing substantially similar work.

14. The effect of the practices complained of above has been to deprive Smith and the class of aggrieved women equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Smith and the class of similarly situated aggrieved women.

## STATEMENT OF EQUAL PAY ACT CLAIMS

17. Since at least December 2016, Defendant Employer violated Section 6(d)(2) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(2) and 215(a)(2), by causing or attempting to cause the Defendant Employer to pay Smith and a class of aggrieved women, employed as branch managers, lower base salary than male branch managers at branches of similar size and to discriminate against its employees in the manner described in paragraph 13.

18. The Commission re-alleges and incorporates by reference the allegations set forth in paragraph 13 herein as if fully copied and repeated herein.

19. The disparity in pay is based on sex because Smith and a class of female aggrieved branch managers worked in the exact position as male branch managers, a position that required equal skill, effort, and responsibility.

20. As a result of the actions complained of above and in paragraphs 13 and 17 above, Defendant Employer has unlawfully withheld the payment of wages due to Smith and a class of aggrieved women who worked as branch managers and continues to withhold the payment of wages due to Smith and a class of female who worked as branch managers.

21. The unlawful practices complained of above in paragraphs 17 and 18 were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of sex, female.

B. Grant a permanent injunction enjoining Defendant Employer and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from paying wages to employees of one sex at rates less than rates at which they pay wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to make whole Smith and the class of aggrieved women by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant Employer to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Smith and the class of aggrieved women, or to the Commission for the benefit of Smith and the class of aggrieved women, and provide other affirmative relief as necessary to eradicate the effects of its unlawful employment practices.

F. Order Defendant Employer to make whole Smith and the class of aggrieved women by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices describe above, in amounts to be determined at trial.

G. Order Defendant Employer to make whole Smith and the class of aggrieved women by providing compensation for past and future non-pecuniary losses resulting from the

9

unlawful practices complained of above, including emotional pain, suffering, inconvenience, and mental anguish in amounts to be determined at trial.

    H.    Order Defendant Employer to pay Smith and the class of aggrieved women punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

    I.    Grant such further relief as the Court deems necessary and proper in the public interest.

    J.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

s/ Roslyn N. Griffin
ROSLYN N. GRIFFIN
Trial Attorney
MS Bar No. 103317
roslyn.griffin@eeoc.gov

s/ Camille A. Monahan
CAMILLE A. MONAHAN
Trial Attorney
WI Bar No. 1056755
camille.monahan@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY

COMMISSION
1407 Union Avenue, Suite 900
Memphis, TN 38104
Telephone (901) 544-0099