IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---:|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION | PLAINTIFF |
| V. | CIVIL ACTION NO.: 1:18-CV-177-SA-DAS |
| FIRST METROPLITAN FINANCIAL<br>SERVICE, INC. | DEFENDANT |

ORDER

The Equal Employment Opportunity Commission ("the Commission"), the Plaintiff in this cause, has filed three separate Motions *in Limine* [44, 46, 48]. First Metropolitan has responded to two of the Motions [46, 48], and its time to respond to the other Motion has now passed. Having reviewed the parties' filings and the relevant authorities, the Court is prepared to rule.

*Standard for Motions in Limine*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 WL 532284 at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512 at *1 (N.D. Miss. Feb. 13, 2015) (additional citations omitted)). "Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds." *Harkness*, 2015 WL 631512 at *1 (quoting *Fair v. Allen*, 2011 WL 830291 at *1 (W.D. La. Mar. 3, 2011)). To that end, "[e]videntiary rulings 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.'" *King*, 2017 WL 532284 at *1 (quoting *Rivera v. Salazar*, 2008 WL 2966006 at *1 (S.D. Tex. July 30, 2008)) (additional citations omitted).

*Analysis and Discussion*

As noted above, the Commission has filed three separate Motions *in Limine* [44, 46, 48]. The Court will address each of them separately.

I.  Motion in Limine Regarding Conciliation [44]

The Commission first requests that the Court "exclude any testimony or documents relating to conciliation discussions that occurred prior to the filing of this lawsuit." [45], p. 1. Particularly, the Commission asserts that nothing discussed during the conciliation process concerns "the only issue in this case—whether or not Defendant paid female branch managers less than male branch managers because of their sex, female." [45], p. 3. First Metropolitan did not respond to the Motion.

As an initial matter, because the Defendant did not respond to the Motion, the Court *could* grant the Motion as unopposed. *See* Local Uniform Civil Rule 7(b)(3)(E) ("If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court *may* grant the motion as unopposed.") (emphasis added).

However, rather than deciding the Motion [44] on that ground, the Court will consider it on the merits. Rule 408 of the Federal Rules of Evidence precludes admission of conduct or statements made during compromise negotiations for the purposes of proving or disproving the validity or value of a disputed claim. *See* FED. R. EVID. 408(a). This Court has previously noted that Rule 408 specifically prohibits a party from proffering evidence or statements made in settlement negotiations. *See, e.g.*, *King*, 2017 WL 532284, at *7. Importantly, "the purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the

context of a motion *in limine*." *Id*. (quoting *Maggette v. BL Development Corp.*, 2011 WL 2134578, *4 (N.D. Miss. May 27, 2011)) (emphasis in original).

In the Court's view, the Commission, through the present Motion [44], simply requests that the Court reiterate a matter set forth in the Rules of Evidence—specifically, that the Court will exclude evidence pertaining to pre-suit settlement discussions. The Court finds that the filing of the Motion [44] was unnecessary. However, for the sake of clarity, the Court will grant the request. The Motion [44] is GRANTED.

    II.    *Motion in Limine Regarding the Job Performance of Emily Smith [46]*

The Commission next requests that the Court "exclude any testimony or unfavorable documents regarding Emily Smith's job performance with [First Metropolitan]." [45], p. 1. The Commission states that it believes First Metropolitan might attempt to disparage Smith's job performance in an attempt to explain her rate of pay. Relying on Rule 403 of the Federal Rules of Evidence, the Commission asserts that "[b]ecause [Smith's] job performance lacks any relationship to her rate of pay at hire, the Court should exclude this evidence." [47], p. 3.

In response, First Metropolitan contends that "[w]hile the Commission may choose to limit its claims to Smith's and Hutcherson's starting salaries, evidence regarding subsequent pay increases Smith and/or other [First Metropolitan] branch managers received, taken together with evidence regarding the reasons for [First Metropolitan's] decisions regarding starting salaries, may nevertheless be probative of whether [First Metropolitan] determined branch manager salaries based on legitimate factors other than sex." [53], p. 2. First Metropolitan further asserts that it took into account job performance and other legitimate factors when making employment decisions as to all employees, regardless of their gender.

Although the Court recognizes the Commission's concern as to the admission of evidence concerning Smith's job performance, the Court cannot find, without being able to consider it in the applicable context, that the evidence is clearly inadmissible *on all potential grounds*. *See Harkness*, 2015 WL 631512 at *1. For example, although the evidence may be inadmissible as to First Metropolitan's decision concerning Smith's starting salary, it may be admissible for other purposes, such as employment decisions made throughout her tenure with the company. Accordingly, the Court finds that ruling on the admissibility of this evidence should be deferred until trial so that it may be considered in context. Doing so will afford the Court an opportunity to properly evaluate the relevancy and potential prejudice of the evidence. *See*, *e.g.*, *Rivera*, 2008 WL 2966006 at *1. The Motion [46] is therefore DENIED *without prejudice*.

III.     *Motion in Limine to Exclude Expert Type Opinions From Lay Persons [48]*

Finally, the Commission requests that the Court "prohibit Defendant from eliciting testimony from non-decision makers on factors [First Metropolitan] could have considered in setting branch manager salaries." [49], p. 1. Specifically, the Commission states that it believes First Metropolitan "may attempt to use testimony from non-decision makers such as Randy Smith, Emily Smith, or Erica Hutcherson, regarding factors they believe should be considered when setting branch manager salaries. Such testimony is irrelevant however, as [they] were not responsible for setting branch manager salaries." [49], p. 1-2. The Commission asserts that because DeWayne Anderson, First Metropolitan's Chief Operating Officer, testified that he was solely responsible for setting branch manager salaries, testimony from any other person regarding factors that could have or should have been considered when setting such salaries is irrelevant.

In response, First Metropolitan admits that Anderson's testimony regarding the factors which he took into account when setting Smith and Hutcherson's salaries is critical to the case.

4

However, First Metropolitan disagrees that testimony from others is wholly irrelevant. Specifically, First Metropolitan contends:

> Evidence regarding the reasonableness and legitimacy of the factors Anderson identifies is probative of whether Anderson's proffered explanation is pretext. In this case, allegedly-aggrieved branch manager Emily Smith testified in her deposition that she believes individual branch manager experience and performance, branch size, branch location, and other market factors might reasonably impact branch manager salaries. Smith's admissions regarding the import of such legitimate, non-discriminatory factors [are] probative of whether the reasons proffered by [First Metropolitan] were pretext for discrimination.

[54], p. 3. Furthermore, First Metropolitan avers that, while it does not dispute that Anderson alone made the ultimate decisions regarding branch manager salaries, "evidence that others, including the allegedly-aggrieved branch managers, believe the reasons proffered by Anderson reasonably might impact branch manager salaries is probative of the legitimacy of Anderson's explanations and whether or not they are pretext for discrimination." [54], p. 4.

Although recognizing the Commission's argument, the Court finds that the Motion [48] is not well-taken. As noted by First Metropolitan, testimony of other individuals regarding the factors that they believe should have been taken into account in making salary decisions is certainly relevant, in this Court's view, to the jury's decision as to whether or not Anderson's stated reasons for the salary decisions were legitimate. And while the subject individuals did not make the ultimate decision regarding Smith and Hutcherson's salary, this is a fact that can be exposed on cross-examination, through the presentation of additional evidence, and through argument before the jury. Ultimately, the evidence is not "clearly inadmissible on all potential grounds," and the Court therefore rejects the Commission's argument. *Harkness*, 2015 WL 631512 at *1. Of course, if the Commission becomes particularly concerned with the testimony elicited at trial, it may raise an objection at that time, when the Court can properly analyze the testimony in context. Therefore, like the previous Motion, the subject Motion [48] is DENIED *without prejudice*.

5

*Conclusion*

For the reasons set forth above, the Commission's Motion *in Limine* Regarding Conciliation [44] is GRANTED. The Motion *in Limine* Regarding the Job Performance of Emily Smith [46] is DENIED *without prejudice*. And the Motion *in Limine* to Exclude Expert Type Opinions from Lay Persons [48] is DENIED *without prejudice*.

SO ORDERED this the 26th day of January, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE