# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT )<br>OPPORTUNITY COMMISSION )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FIRST METROPOLITAN FINANCIAL )<br>SERVICES, INC. )<br>)<br>    Defendant. ) | Case No. 1:18-cv-177-SA-DAS |

## CONSENT DECREE

The Equal Employment Opportunity Commission, an agency of the United States government, filed this lawsuit against First Metropolitan Financial Services, Inc., alleging First Metropolitan violated the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964, as amended, when it paid Emily Smith, Erica Hutcherson and a class of other female employees significantly less money than males who performed substantially equal work in the same position.

First Metropolitan denies the Commission's allegations and denies it violated the federally protected rights of Emily Smith, Erica Hutcherson and a class of other women.

The Parties engaged in good faith negotiations and now consent to entry of this Decree by this Court to avoid the additional expense of continued litigation. The parties also stipulate the terms and conditions of this Decree are fair, reasonable, adequate, and serve the public interest in eradicating wage discrimination based on sex.

This Decree represents the final and complete agreement between the parties regarding the resolution of this civil action.

In the event the Court does not approve this Decree, the parties agree neither of them will attempt to admit the Decree into evidence in this or any subsequent lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court hereby APPROVES the Decree and FINDS as follows:

## I. JURISDICTION

The Court has jurisdiction over the Parties and the subject matter of this action.

## II. SCOPE AND DURATION OF THIS DECREE

A. The duration of this Decree and all obligations shall remain effective for two (2) years from the date of its entry by the Court.

B. During the term of this Decree, the Court shall retain jurisdiction over this case for purposes of compliance and any disputes that may arise.

## III. ISSUES RESOLVED

A. This Decree resolves all issues and claims arising from Emily Smith's Charge of Discrimination, EEOC Charge No. 490-2017-00746, filed against First Metropolitan.

B. This Decree resolves all issues and claims arising from the Commission's Complaint filed against First Metropolitan, Civil Action No. 1:18-cv-177-SA-DAS (N.D. Miss.).

## IV. INJUNCTIVE RELIEF

A. First Metropolitan, its officers, agents, and other persons in active concert or participation with it are enjoined from paying female branch managers less than male branch managers who perform jobs requiring substantially equal skill, effort and responsibility under similar working conditions, provided however, that First Metropolitan can offer higher compensation to applicants and employees based on factors other than sex.

B. First Metropolitan, its officers, agents, and other persons in active concert or participation with it are permanently enjoined from retaliating against any person because they complained about pay differences based on sex.

C. First Metropolitan is enjoined from inquiring about an applicant's prior earning history during the pre-employment process.

## V. CREATE A POLICY AGAINST WAGE DISCRIMINATION

A. First Metropolitan agrees to create a written policy which sets forth the factors it relies on when setting salaries and determining the amounts of raises it gives branch managers.

B. The Policy shall state that First Metropolitan shall ensure similarly situated employees, who perform jobs requiring substantially equal skill, effort and responsibility under similar working conditions, receive equal pay for equal work in accordance with the provisions of 29 C.F.R. §1620.1 et al., and the Policy shall also provide that First Metropolitan can offer higher compensation to applicants and employees who have greater education, experience, training, or ability where the qualification is related to job performance or otherwise benefits the employer's business.

C. The Policy shall expressly state the provisions of the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964 prohibiting discrimination in pay based on sex.

D. The Policy shall state First Metropolitan prohibits pay discrimination based on sex.

E. The Policy will include an explanation of how to report wage or sex discrimination.

F. The Policy shall state that First Metropolitan will avoid assumptions and stereotypes about applicants and employees based on their sex and will assess employment applicants based on their qualifications.

G. The Policy shall state that First Metropolitan will not discourage employees from discussing salaries and rate of pay.

H. First Metropolitan will outline the factors used to determine salaries and provide the salary range for each position.

I. The Policy shall also state that upon receipt of a complaint of wage/salary discrimination, First Metropolitan shall promptly conduct a fair and thorough investigation of the complaint. Specifically, First Metropolitan shall:

    i. document the complaint;

    ii. investigate the complaint;

    iii. provide a written response to the complaining party;

    iv. where discrimination is found, take appropriate action; and

    v. the President of First Metropolitan shall be notified of the complaint, the investigation, and the response.

## VI. POLICY DISTRIBUTION

A. First Metropolitan shall distribute its Policy, as described in Section V of this Decree, to all human resource employees, branch managers, supervisors, and any other First Metropolitan employees responsible for hiring and management services.

B. Each employee shall sign the Policy.

C. First Metropolitan shall retain a written acknowledgement of receipt of the Policy in each such employee's personnel file.

D. Upon hire of any new employee in the categories described in VI. A. above, First Metropolitan shall ensure that the employee receives a copy of the Policy.

## VII. TRAINING

A. First Metropolitan agrees to train all employees responsible for determining branch manager salaries on the federal laws of the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964.

B. An attorney, certified Society for Human Resource Management (SHRM) professional, or another similarly situated qualified trainer shall conduct the training, in-person or remotely.

C. The initial training will occur within thirty (30) days of entry of this Decree.

D. A second training session shall occur within thirty (30) days after the one year anniversary of the entry of this Decree.

E. The training sessions shall last a minimum of two hours.

F. The training shall consist of, among other things, the following:

   i. explanation of the Equal Pay Act of 1963 and Title VII, including an employer's obligation to provide equal pay for equal work;

   ii. explanation of the factors the hiring manager should consider when determining pay rates.

## VIII. MONETARY RELIEF

A. First Metropolitan shall pay Mrs. Smith and Mrs. Hutcherson monetary relief in the total amount of $ 100,000 in damages.

B. Mrs. Smith will receive $20,000 in back pay damages. Mrs. Smith will receive $45,000 in compensatory damages.

C. Mrs. Hutcherson will receive $10,000 in back pay damages. Mrs. Hutcherson will receive $25,000 in compensatory damages.

D. First Metropolitan will provide W-2s for the back-pay amounts and withhold all applicable taxes and deductions from those amounts.

E. To receive the payments under this Section, Mrs. Smith and Mrs. Hutcherson will sign a release in the form of Exhibit B.

F. The payments to Mrs. Smith and Mrs. Hutcherson represent full and final settlement of the Commission's monetary claims against First Metropolitan.

## IX. RECORDKEEPING

First Metropolitan agrees to collect, retain and provide the following information to the Commission every six (6) months during the duration of this Consent Decree:

1. A list of the salaries of all branch managers at each of First Metropolitan's seventeen (17) branch locations. This salary information will be provided to the Commission on a confidential basis.

2. All complaints related to wage discrimination, sex discrimination, unfair treatment, or failure to hire or promote, based on sex.

3. Copies of the training materials or presentations used by First Metropolitan and/or its designee to satisfy its obligations to train employees responsible for setting branch manager salaries, as required by this Consent Decree.

4. All reports and documents related, created, or compiled in accordance with this Consent Decree.

## X. REPORTING

First Metropolitan shall provide the Commission with semi-annual reports by June 1 and December 1 for the duration of this agreement. The report shall include the following:

1. Certification that First Metropolitan conducted the training listed in Section VII;

2. A copy of the training materials;

3. Signed roster showing the names of the employees who attended the training; and

4. First Metropolitan agrees to notify and make available for inspection and copying within thirty (30) business days of receiving a written request from EEOC for such documents, all wage discrimination complaints that it receives and FMFS's responses to the complaints.

### XI. NOTICE POSTERS

A. First Metropolitan shall post, for the duration of this Decree, the Notice to Employees attached as Appendix A.

First Metropolitan shall post the Notice in a conspicuous location in any non-public area of First Metropolitan's facilities frequented by employees.

### XII. MONITORING AND ENFORCEMENT

A. The Commission may monitor First Metropolitan's compliance with the terms of this Consent Decree by examining documents or other records the Decree requires First Metropolitan to make or keep.

B. If the Commission, at its sole discretion, finds First Metropolitan failed to comply with the Decree, the Commission shall provide First Metropolitan notice, via certified mail directed to FMFS's home office address, 6295 Summer Avenue, No. 102, Memphis, TN 38134, of the failure and allow it a period of fifteen (15) calendar days from receipt of the notice to comply.

C. If the Commission has concerns regarding information received as a result of the reports required in Section X, prior to seeking any legal action in federal court, the Commission shall first contact counsel for First Metropolitan.

D. If, after the 15-day period has expired, First Metropolitan fails to comply, the Commission may then petition this Court for relief.

### XIII. SEVERABILITY

A. If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the parties.

B. The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

### XIV. SUCCESSOR LIABILITY

Prior to any sale during the duration of this Decree, First Metropolitan shall provide written notice of this lawsuit and the existence and contents of the Decree to any potential purchaser of its business, a purchaser of all or a substantial portion of First Metropolitan's assets, or to any other potential successor. Any surviving entities that exist upon completion of any merger or consolidation will remain fully liable for compliance with this Decree at all offices, branches or business operations of First Metropolitan that are continued in operation.

### XV. COSTS AND EXPENSES

The Parties shall bear their own costs, attorney fees, and expenses arising from this litigation.

## XVI. NOTICES AND OTHER COMMUNICATION

All notices, certifications, reports, or other communications that this Decree requires the parties to exchange shall be in writing and transmitted as follows:

1. To the Commission, via electronic mail to:

    EEOC-MEDO-decree-monitoring@eeoc.gov.

2. To First Metropolitan via [electronic] mail to:

    Name: Bryan Anderson

    Email Address: bryan.anderson@fmfsloans.com

Any party may change the contact information by written notice to the other parties setting forth the new information.

It is SO ORDERED, this the 17th day of March, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**NOTICE TO EMPLOYEES**

1. First Metropolitan, its officers, agents, and other persons in active concert or participation with it are enjoined from paying female branch managers less than male branch managers who perform jobs requiring substantially equal skill, effort and responsibility under similar working conditions, provided however, that First Metropolitan can offer higher compensation to applicants and employees based on factors other than sex.

2. It is unlawful under Title VII to retaliate against any employee who opposes a practice made unlawful under federal law, files, assists, or participates in the filing of a charge of discrimination or participates in any investigation under Title VII.

3. First Metropolitan does not and will not tolerate violations of the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964. Any such violation by anyone employed by First Metropolitan will subject the violator to disciplinary action up to and including termination.

If you believe you have been discriminated against, you have the right to seek assistance from:

Equal Employment Opportunity Commission
1407 Union Avenue, Suite 900
Memphis, TN 38103
Telephone: 1-800-669-4000
TTY: 1-800-669-6820
Website: www.eeoc.gov

This Notice will remain posted for two years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____          _____
Date                                             PRESIDENT
                                                 FIRST METROPOLITAN FINANCIAL SERVICES

**EXHIBIT B**

**RELEASE OF CLAIMS**

In consideration of the payment of $65,000 paid to me by First Metropolitan Financial Services, Inc., in connection with the resolution of *EEOC v. First Metropolitan Financial Services, Inc.,* Civil Action No.: 1:18-cv-177 (the "Lawsuit"), I waive my right to recover for any claims of wage or sex discrimination that I have or had against First Metropolitan Financial Services, Inc. prior to the date of this release and that were included in the claims alleged by the EEOC in the Lawsuit, and all claims set forth in EEOC Charge No. 490-2017-00746.

_____
DATE

_____
Emily Smith

**RELEASE OF CLAIMS**

In consideration of the payment of $35,000 paid to me by First Metropolitan Financial Services, Inc., in connection with the resolution of *EEOC v. First Metropolitan Financial Services, Inc.,* Civil Action No.: 1:18-cv-177 (the "Lawsuit"), I waive my right to recover for any claims of wage or sex discrimination that I have or had against First Metropolitan Financial Services, Inc. prior to the date of this release and that were included in the claims alleged by the EEOC in the Lawsuit, and all claims set forth in EEOC Charge No. 490-2017-00746.

_____
DATE

_____
Erica Hutcherson